UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NATALIA MONTOYA,

    Plaintiff,

vs.

AETNA LIFE INSURANCE COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, Natalia Montoya ("MONTOYA"), by and through the undersigned counsel, hereby sues Aetna Life Insurance Company ("AETNA") and alleges:

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, pre-judgment and post-judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. MONTOYA was at all times relevant a plan participant under the Bank of America, Inc. Long Term Disability Policy, Group No.: GP-811383 ("LTD" Plan).

3. Defendant, AETNA, is a corporation with its principal place of business in the

State of Connecticut, authorized to transact and transacting business in the Southern District of Florida. AETNA is the insurer of benefits under the Bank of America LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, AETNA administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The AETNA LTD Plan are employee welfare benefit plans regulated by ERISA, established by Bank of America under which MONTOYA was a participant, and pursuant to which MONTOYA is entitled Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, MONTOYA is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as MONTOYA remains disabled as required under the terms and conditions of the LTD plan.

## COUNT I

### CLAIM FOR LONG TERM DISABILITY BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

5. MONTOYA incorporates by reference all preceding paragraphs as though fully set forth herein.

6. At all times relevant, MONTOYA was an employee or former employee of Bank of America and a plan participant under the terms and conditions of the LTD Plan.

7. MONTOYA worked at Bank of America as a Preferred Client Specialist, an occupation determined by AETNA to be performed in the national economy at a Sedentary demand level.

8. During the course of MONTOYA's employment, MONTOYA became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while MONTOYA was

2

covered under the LTD Plan, MONTOYA suffered a disability, the nature of which due to privacy concerns is set forth in detail in the administrative record, rendering her disabled as defined under the terms of the LTD Plan.

9. Pursuant to the terms of the LTD Plan, MONTOYA made a claim to AETNA for benefits under the LTD Plan with a date of disability of September 30, 2016, with an effective date of LTD Benefits of March 31, 2017.

10. The AETNA LTD Policy defines Disability to mean that from the date that you first became disabled and until monthly benefits are payable for 24 months, you meet the test of disability on any date that (1) You cannot perform the material duties of your own occupation solely because of an illness, injury, or disabling pregnancy-related condition; and (2) your earnings are 80% or less of your adjusted pre-disability earnings. After the first 24 months of your disability that monthly benefits are payable, you meet the Plan's test of disability on any day you are unable to work at any reasonable occupation solely because of an illness, injury, or disabling pregnancy-related condition.

11. AETNA initially approved MONTOYA's claim for benefits effective March 31, 2017, as AETNA had determined that she was unable to perform the material duties of her occupation.

12. On October 6, 2018, AETNA advised MONTOYA that her claim for LTD Benefits was being terminated effective September 30, 2018, as AETNA had determined that her medical records no longer supported medically necessary restrictions and limitations that would prevent her from performing the material duties of her own occupation.

13. On December 26, 2018, MONTOYA filed her appeal of AETNA's denial of her claim for LTD benefits.

14. As part of its appeal review, AETNA had MONTOYA's claim reviewed by a peer review doctors specializing in Internal Medicine and Psychology.

15. The reviewing doctor never examined MONTOYA nor spoke with her treatment providers.

16. The peer review doctor opined that there was insufficient medical evidence to support continued restrictions and limitations that would prevent MONTOYA from working.

17. AETNA advised MONTOYA it was upholding the denial of her benefits on March 27, 2019.

18. MONTOYA has exhausted all administrative remedies as they relate to her LTD Benefits.

19. AETNA breached the LTD Plan and violated ERISA in the following respects:

    a. Failing to pay LTD benefits to MONTOYA at a time when AETNA and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as MONTOYA was disabled and unable to work and therefore entitled to benefits.

    b. After MONTOYA's claim was denied in whole or in part, AETNA failed to adequately describe to MONTOYA any additional material or information necessary for MONTOYA to perfect her claim along with an explanation of why such material is or was necessary.

    c. AETNA failed to properly and adequately investigate the merits of MONTOYA's disability claim and failed to provide a full and fair review of MONTOYA's claim.

20. MONTOYA believes and alleges that AETNA wrongfully denied her claim for

LTD Benefits under the LTD Plan by other acts or omissions of which MONTOYA is presently unaware, but which may be discovered in this future litigation and which MONTOYA will immediately make AETNA aware of once said acts or omissions are discovered by MONTOYA.

21. As a proximate result of the aforementioned wrongful conduct of AETNA under the LTD Plan, MONTOYA has damages for loss of disability benefits in a total sum to be shown at the time of trial.

22. As a further direct and proximate result of this improper determination regarding MONTOYA's claims for benefits, MONTOYA, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), MONTOYA is entitled to have such fees and costs paid by AETNA.

23. The wrongful conduct of AETNA has created uncertainty where none should exist; therefore, MONTOYA is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, Natalia MONTOYA prays for relief against the Aetna Life Insurance Company as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to paid in full under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be

considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: June 25, 2019

                ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
Telephone: (954) 620-8300

  /s/ *Stephen F. Jessup*
STEPHEN F. JESSUP, ESQUIRE
Florida Bar No.: 0026264
Email: stephen@diattorney.com